UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel* PACK & CRATE SERVICES, INC.<br><br>            Plaintiff,<br>v.<br><br>ALLSTATE VAN & STORAGE, INC.,<br>INTER-WORLD FORWARDERS, INC.<br><br>            Defendants. | Civil No. 07-696 BTM (NLS)<br><br>**FIRST AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

The parties have submitted a Joint Motion for an Extension of Pretrial Dates. [Doc. No. 43.] Good cause appearing, the Court **GRANTS** the motion and sets the following dates:

**IT IS HEREBY ORDERED THAT**:

1.      All discovery, including experts, shall be completed by all parties on or before ***November 9, 2010***. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, *so that it may be completed* by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). All discovery motions shall be filed within 30 days after counsel have met and conferred and reached an impasse with regard to any particular discovery issue, but in no event shall discovery motions be filed more than 30 days after the close of discovery. All discovery motions must

1  be filed no later *than **December 10, 2010***.  All discovery motions shall be filed in accordance with Civil
2  Local Rule 7.1  No discovery motion shall be filed *ex parte*.  Any request to shorten time shall be filed
3  in accordance with Civil Local Rule 7.1(e)(5).

4      2.    All other pretrial motions must be filed on or before ***January 10, 2011***.  Please be
5  advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the
6  judge who will hear the motion.  Be further advised that the period of time between the date you request
7  a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.
8  Failure to make a timely request for a motion date may result in the motion not being heard.

9      3.    A Mandatory Settlement Conference shall be conducted on ***March 14, 2011*** *at **9:30 a.m.***
10  in the chambers of Magistrate Judge Nita L. Stormes.  Counsel or any party representing himself or
11  herself shall submit confidential settlement briefs <u>directly to chambers</u> no later than ***March 7, 2011***.  **All**
12  **parties are ordered to read and to fully comply with the attached SETTLEMENT**
13  **CONFERENCE PROCEDURES.**

14      4.    Counsel shall comply with the pre-trial disclosure requirements of Federal Rule of Civil
15  Procedure 26(a)(3) on or before ***April 1 ,2011***.  Failure to comply with these disclosure requirements
16  could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

17      5.    Counsel shall meet and take the action required by Local Rule 16.1(f)(4) on or before
18  ***April 8, 2011***.  The parties shall meet and confer and prepare a proposed pretrial order containing the
19  following:

20          1.    A statement to be read to the jury, not in excess of one page, of the nature of the
21             case and the claims and defenses.

22          2.    A list of the causes of action to be tried, referenced to the Complaint [and
23             Counterclaim if applicable].  For each cause of action, the order shall succinctly
24             list the elements of the claim, damages and any defenses.  A cause of action in the
25             Complaint [and/or Counterclaim] which is not listed shall be dismissed with
26             prejudice.

27          3(a).    A list of each witness counsel actually expect to call at trial with a brief statement,
28             not exceeding four sentences, of the substance of the witnesses' testimony.

3(b).  A list of each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

3(c).  A list of additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

4(a).  A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit.

4(b).  A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

5.  A statement of all facts to which the parties stipulate. This statement shall be on a separate page and will be read to and provided to the jury. The parties are directed to meet with the assigned magistrate judge to work out as many stipulations of fact as possible.

6.  A list of all deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial.

7.  In addition to filing proposed jury instructions in accordance with Fed. R. Civ. P. 51 and CivLR 51.1, the parties shall e-mail the proposed instructions in Word or Wordperfect form to Chambers. If a party disagrees with a particular instruction, the party shall submit an alternate instruction.

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. The court will entertain any questions concerning the conduct of the trial at the pretrial conference.

Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). Plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and

both parties shall attempt promptly to resolve their differences, if any, concerning the order.

6. The Proposed Final Pretrial Conference Order, including objections to any other parties' Federal Rule 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before *April 15, 2011*, and shall be in the form prescribed in and in compliance with Local Rule 16.1(f)(6).

7. The final Pretrial Conference is scheduled on the calendar of Judge Moskowitz on *April 22, 2011* at *3:30 p.m.*.

8. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

9. The dates and times set forth herein will not be modified except for good cause shown.

10. Dates and times for hearings on motions should be approved by the Court's clerk before notice of hearing is served.

11. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

DATED: July 14, 2010

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court

# CHAMBERS' RULES

## CHAMBERS OF MAGISTRATE JUDGE NITA L. STORMES

### A.  DISCOVERY DISPUTES

If the parties have not resolved their dispute through the meet and confer process, counsel shall, within **forty-five (45) days of the date upon which the event giving rise to the dispute occurred (see (b) below)**, file a joint statement entitled "Joint Motion for Determination of Discovery Dispute" with the Court.

(a) The joint statement is to include: (1) a declaration of compliance with the meet and confer requirement; (2) points and authorities (not to exceed 10 pages per side); and (3) a format in accordance with the "Sample Format" described below.

(b) For oral discovery, the event giving rise to the discovery dispute is the completion of the transcript of the affected portion of the deposition. For written discovery, the event giving rise to the discovery dispute is the service of the response.

(c) Any exhibits accompanying the joint statement shall also be filed.

(d) **Counsel shall not attach copies of any meet and confer correspondence to the joint statement.**

The Court will either issue an order following the filing of the joint statement or will schedule a telephonic discovery conference.

*SAMPLE FORMAT:* **JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

REQUEST NUMBER 1

Any and all documents referencing, describing or approving the Metropolitan Correctional Center as a treatment facility for inmate mental health treatment by the Nassau County local mental health director or other government official or agency.

RESPONSE TO REQUEST NUMBER 1

Objection. This request is overly broad, irrelevant, burdensome, vague and ambiguous and not limited in scope

as to time.

PLAINTIFF'S REASON WHY DOCUMENTS SHOULD BE PROVIDED

This request is directly relevant to the denial of Equal Protection for male inmates. Two women's jails have specifically qualified Psychiatric Units with certain license to give high quality care to specific inmates with mental deficiencies. Each women's psychiatric Unit has specialized professional psychiatric treatment staff (i.e., 24 hour psychiatric nurses full time, psychiatric care, psychological care, etc.). Men do not have comparable services. This request will document the discrepancy.

DEFENDANT"S BASIS FOR OBJECTIONS

This request is not relevant to the issues in the case. Plaintiff does not have a cause of action relating to the disparate psychiatric treatment of male and female inmates. Rather, the issue in this case is limited to the specific care that Plaintiff received. Should the Court find that the request is relevant, defendant request that it be limited to a specific time frame.

**B.**     **SETTLEMENT CONFERENCE PROCEDURES**

**ATTENDANCE:** All parties, adjusters for insured defendants, and other representatives of a party **having full and complete authority to enter into a binding settlement**, and the principal attorneys responsible for the litigation, must be present and legally and factually prepared to discuss settlement of the case. Full authority to settle means that the individuals at the settlement conference be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Pitman*, 216 F.R.D. at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods*, Inc., 270 F.3d 590, 595-597 (8th Cir. 2001). Failure of any of the aforementioned to appear **in person** will result in the imposition of sanctions. Where settlement authority rests with a governing body, counsel shall propose special arrangements in advance for securing timely

authority to settle.

**SETTLEMENT CONFERENCE BRIEFS**:  All parties are required to lodge a **confidential** settlement brief prior to the Settlement Conference.  Please refer to the Court's order for the date by which the brief is due.  Settlement briefs should not exceed ten (10) pages in length, double spaced, exclusive of exhibits, if any.  Copies of all documents that might enhance the productivity of negotiations (e.g., contracts, key correspondence or memos, reports of experts, photos, medical bills, wage loss statements, selected pages from deposition transcripts or responses to other discovery) should be attached as exhibits to the settlement briefs with significant portions highlighted for easy reference.  Parties may also attach as exhibits helpful judicial opinions and information about the settlement or judgment value of comparable cases.

\* \* \* \*

**IN ADDITION TO THE ABOVE INFORMATION, EACH BRIEF**
**SHALL SET FORTH AT A MINIMUM, THE FOLLOWING**
**"REQUIRED" CONFIDENTIAL INFORMATION:**

\* \* \* \*

(1)     A brief analysis of the key issues involved in the litigation;

(2)     A description of the strongest and weakest legal and factual points in the party's case;

(3)     A description of the strongest and weakest legal and factual points in the opponent's case;

(4)     The status of any settlement negotiations, including the last settlement proposal made by each party; and

(5)     The settlement proposal that the party is willing to make in order to conclude the matter and spare the further expense of litigation.

Parties should hand deliver, mail, or electronically mail [efile_stormes@casd.uscourts.gov] the **original only** of settlement briefs directly to chambers.  FAX briefs will not be accepted.  *__Settlement briefs are confidential and shall not be served on opposing parties nor shall they be filed with the Clerk of the Court__*.